# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TRACIE BOUDREAUX, § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | |
| NATIONAL CREDIT SYSTEMS, INC., § | |
| Defendant. § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. Plaintiff Tracie Boudreaux ("Plaintiff") brings this action against Defendant National Credit Systems, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendant transacts business in this district.

### PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the state of Texas, County of Harris and City of Houston.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

1

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, charges for an apartment lease (the "Debts") for the Villages of Meyerland (the "Villages").

10. Prior to January, 2014, Plaintiff owed two Debts to the Villages with balances of $4,203.90 for one, and $1,000 for the other.

11. In January, 2014, Plaintiff filed for relief under Chapter 7 of the U.S. Bankruptcy Code.

12. Subsequently, Plaintiff received a discharge in August, 2014.

13. The Debts were discharged as part of the bankruptcy.

14. However, in August, 2015, Defendant reported the Debts owed to the Villages on Plaintiff's credit report.

15. On October 7, 2015, Plaintiff wrote to Defendant to notify them that the debts had been discharged.  *See* Exhibit A.

16. A true and accurate copy of the October 7, 2015 letter written by Plaintiff is attached to this Complaint as Exhibit A.

17. In response to Plaintiff's letter, Defendant sent two letters on October 15, 2015 notifying Plaintiff that they had "cancelled" the Debts.  *See* Exhibit B.

18. True and accurate copies of the October 15, 2015 letters are attached to this Complaint as Exhibit B.

19. By reporting Plaintiff's discharged Debts to a credit reporting agency, Defendant falsely represented the character and legal status of Plaintiff's Debts.

20. In connection with the collection of an alleged debt, Defendant sent a letter intended for Plaintiff dated April 5, 2016.

21. A true and accurate copy of Defendant's April 5, 2016 letter is attached to this complaint as Exhibit C.

22. Defendant sent the April 5, 2016 letter addressed to Plaintiff at 401 Branard Street, Houston, Texas 77006-5015.

23. That is an address for the Montrose Center—a non-profit organization that Plaintiff sometimes visits for counseling.

24. Plaintiff did not provide the Montrose Center's address to Defendant or otherwise provide consent for Defendant to try to contact her there.

25. Upon information and belief, Defendant did not have the express permission of a court of competent jurisdiction to communicate with any other parties concerning Plaintiff's alleged debt.

26. Both the receptionist and Plaintiff's counselor at the Montrose Center saw and read Defendant's letter before forwarding it to Plaintiff.

27. Defendant's disclosure of Plaintiff's private affairs to third parties has caused Plaintiff unnecessary embarrassment and distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

28. Plaintiff repeats and re-alleges each and every factual allegation above.

29. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(8)

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or which should be known to be false.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

32. Plaintiff repeats and re-alleges each and every factual allegation above.

33. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692c(b)

34. Plaintiff repeats and re-alleges each and every factual allegation above.

35. The FDCPA forbids the use of false or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

36. Defendant violated 15 U.S.C. § 1692c(b) by communicating with third parties in connection with the collection of any debt without Plaintiff's consent or other express authorization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

37. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 12, 2016

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Southern District Bar # 1572841
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:   602-388-8898
Facsimile:    866-317-2674
rthompson@consumerlawinfo.com

/s/ Joseph Panvini
Joseph Panvini
Southern District Bar # 1572837

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: 602-388-8875
Facsimile: 866-317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff